GARY M. RESTAINO
United States Attorney
District of Arizona

ANTHONY W. CHURCH
Arizona State Bar No. 021025
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Anthony.Church@usdoj.gov
Attorneys for Plaintiff

☐ FILED   ☒ LODGED

**Oct 03 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

☒ FILED   ☐ LODGED

**1/25/2024**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 22-08138-PCT-JJT |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Antonio Roy James, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, ANTONIO RAY JAMES, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the indictment charging the defendant with a violation of 18 United States Code (U.S.C.) § 1153 and 113(a)(6), Assault Resulting in Serious Bodily Injury, a Class C felony offense.

2. **MAXIMUM PENALTIES**

a.    A violation of 18 U.S.C. §§ 1153 and 113(a)(6), is punishable by a maximum fine of $250,000, a maximum term of imprisonment of 10 years, or both, and a term of supervised release of not more than three years.  The maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

1        (1)     make restitution to any victim of the offense pursuant to 18 U.S.C. §

2   3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

3        (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a

4   fine is not appropriate;

5        (3)     serve a term of supervised release when required by statute or when a

6   sentence of imprisonment of more than one year is imposed (with the understanding that

7   the Court may impose a term of supervised release in all other cases); and

8        (4)     pay upon conviction a $100 special assessment for each count to

9   which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

10       c.    The Court is required to consider the Sentencing Guidelines in determining

11   the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court

12   is free to exercise its discretion to impose any reasonable sentence up to the maximum set

13   by statute for the crime(s) of conviction, unless there are stipulations to the contrary that

14   the Court accepts.

15   **3.**     **AGREEMENTS REGARDING SENTENCING**

16       a.    <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and

17   the defendant stipulate that the defendant's sentence shall not exceed 20 months of

18   imprisonment.  This stipulated sentencing cap will not change based on departures

19   considered under U.S.S.G. § 1B1.1(b).  Nothing in this agreement shall preclude defendant

20   from moving for a downward departure, variance, or sentence below the cap, or the court

21   from imposing a sentence below the cap.

22       b.    <u>Acceptance of Responsibility</u>.   If the defendant makes full and complete

23   disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's

24   commission of the offense, and if the defendant demonstrates an acceptance of

25   responsibility for this offense up to and including the time of sentencing, the United States

26   will recommend a two-level reduction in the applicable Sentencing Guidelines offense

27   level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16 or more,

28

1    the United States will move for an additional one-level reduction in the applicable
2    Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

3            c.    Non-Binding Recommendations.    The defendant understands that
4    recommendations are not binding on the Court.  The defendant further understands that the
5    defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
6    recommendation.

7            d.    Restitution.    Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant
8    specifically agrees to pay full restitution, regardless of the resulting loss amount but in no
9    event more than $50,000.00, to all victims directly or proximately harmed by the
10   defendant's "relevant conduct," including conduct pertaining to any dismissed counts or
11   uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct
12   constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.    The defendant
13   understands that such restitution will be included in the Court's Order of Judgment and that
14   an unanticipated restitution amount will not serve as grounds to withdraw the defendant's
15   guilty plea or to withdraw from this plea agreement.

16           e.    Assets and Financial Responsibility.    The defendant shall make a full
17   accounting of all assets in which the defendant has any legal or equitable interest.  The
18   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
19   transfer any such assets or property before sentencing, without the prior approval of the
20   United States (provided, however, that no prior approval will be required for routine, day-
21   to-day expenditures).  The defendant also expressly authorizes the United States Attorney's
22   Office to immediately obtain a credit report as to the defendant in order to evaluate the
23   defendant's ability to satisfy any financial obligation imposed by the Court.    The
24   defendant also shall make full disclosure of all current and projected assets to the U.S.
25   Probation Office immediately and prior to the termination of the defendant's supervised
26   release or probation, such disclosures to be shared with the U.S. Attorney's Office,
27   including the Financial Litigation Unit, for any purpose.  Finally, the defendant shall
28   participate in the Inmate Financial Responsibility Program to fulfill all financial obligations

1    due and owing under this agreement and the law.

2         If the defendant is a member of a Native American tribe that provides "per capita"
3    payments to its members, the defendant agrees that any such "per capita" payment shall be
4    paid over to the Clerk of the Court and applied to the defendant's restitution obligation
5    until restitution to all victims is paid in full.

6    **4.     AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

7         a.     There are no counts to dismiss.

8         b.     This agreement does not, in any manner, restrict the actions of the United
9    States in any other district or bind any other United States Attorney's Office.

10   **5.     COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

11        a.     If the Court, after reviewing this plea agreement, concludes that any
12   provision contained herein is inappropriate, it may reject the plea agreement and give the
13   defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.
14   11(c)(5).

15        b.     If the defendant's guilty plea or plea agreement is rejected, withdrawn,
16   vacated, or reversed at any time, this agreement shall be null and void, the United States
17   shall be free to prosecute the defendant for all crimes of which it then has knowledge and
18   any charges that have been dismissed because of this plea agreement shall automatically
19   be reinstated.  In such event, the defendant waives any and all objections, motions, and
20   defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional
21   restrictions in bringing later charges or proceedings.  The defendant understands that any
22   statements made at the time of the defendant's change of plea or sentencing may be used
23   against the defendant in any subsequent hearing, trial, or proceeding subject to the
24   limitations of Fed. R. Evid. 410.

25   **6.     WAIVER OF DEFENSES AND APPEAL RIGHTS**

26        The defendant waives (1) any and all motions, defenses, probable cause
27   determinations, and objections that the defendant could assert to the indictment or
28   information; and (2) any right to file an appeal, any collateral attack, and any other writ or

1  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

2  judgment against the defendant, or any aspect of the defendant's sentence, including the

3  manner in which the sentence is determined, including but not limited to any appeals under

4  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

5  (habeas petitions), and any right to file a motion for modification of sentence, including

6  under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

7  18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

8  result in the dismissal of any appeal, collateral attack, or other motion the defendant might

9  file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

10  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective

11  assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section

12  II.B of Ariz. Ethics Op. 15-01 (2015)).

13  **7.**     **DISCLOSURE OF INFORMATION**

14        a.     The United States retains the unrestricted right to provide information and

15  make any and all statements it deems appropriate to the U.S. Probation Office and to the

16  Court in connection with the case.

17        b.     Any information, statements, documents, and evidence that the defendant

18  provides to the United States pursuant to this agreement may be used against the defendant

19  at any time.

20        c.     The defendant shall cooperate fully with the U.S. Probation Office.  Such

21  cooperation shall include providing complete and truthful responses to questions posed by

22  the U.S. Probation Office including, but not limited to, questions relating to:

23              (1)     criminal convictions, history of drug abuse, and mental illness; and

24              (2)     financial information, including present financial assets or liabilities

25  that relate to the ability of the defendant to pay a fine or restitution.

26  **8.**     **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

27        a.     Nothing in this agreement shall be construed to protect the defendant from

28  administrative or civil forfeiture proceedings or prohibit the United States from proceeding

with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

**9.    ELEMENTS**

**Assault Resulting in Serious Bodily Injury**

On or about July 7, 2022, in the District of Arizona:

1.    The defendant assaulted K.H. by intentionally wounding him;

2.    As a result, K.H. suffered serious bodily injury;

3.    The assault took place on the Fort Apache Indian Reservation; and

4.    The defendant was an Indian at the time of the crime.  Specifically, at the time of the crime the defendant had some quantum of Indian blood and was a member of or was affiliated with a federally recognized tribe.

"Serious Bodily Injury" means bodily injury that involves (1) a substantial risk of death; (2) extreme physical pain; (3) protracted and obvious disfigurement; or (4) protracted loss or impairment of the function of a body part, organ, or mental faculty.

**10.    FACTUAL BASIS**

a.    The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about July 7, 2022, I, Antonio Roy James, within the confines of the Fort Apache Indian Reservation, Indian country, within the District of Arizona, did intentionally punch and kick K.H. in the head, causing him to suffer a tripod fracture to his face, and extreme physical pain.  I further admit that I was an Indian at the time of the crime.

Specifically, at the time of the crime, I had some quantum of Indian blood and was a member of and was affiliated with a federally recognized tribe, namely the White Mountain Apache Tribe.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

1        I understand that if I am granted probation or placed on supervised release by the
2    Court, the terms and conditions of such probation/supervised release are subject to
3    modification at any time. I further understand that if I violate any of the conditions of my
4    probation/supervised release, my probation/supervised release may be revoked and upon
5    such revocation, notwithstanding any other provision of this agreement, I may be required
6    to serve a term of imprisonment, or my sentence otherwise may be altered.

7        This written plea agreement, and any written addenda filed as attachments to this
8    plea agreement, contain all the terms and conditions of the plea.  Any additional
9    agreements, if any such agreements exist, shall be recorded in a separate document, and
10   may be filed with the Court under seal; accordingly, additional agreements, if any, may not
11   be in the public record.

12       I further agree that promises, including any predictions as to the Sentencing
13   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone
14   (including my attorney) that are not contained within this written plea agreement, are null
15   and void and have no force and effect.

16       I am satisfied that my defense attorney has represented me in a competent manner.
17       I fully understand the terms and conditions of this plea agreement.  I am not now
18   using or under the influence of any drug, medication, liquor, or other intoxicant or
19   depressant that would impair my ability to fully understand the terms and conditions of this
20   plea agreement.

21   
22   ___Sept 7, 2023___                         _____
     Date                                   ANTONIO ROY JAMES
23                                          Defendant

24   
25                         **APPROVAL OF DEFENSE COUNSEL**

26       I have discussed this case and the plea agreement with my client in detail and have
27   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the
28   constitutional and other rights of an accused, the factual basis for and the nature of the

- 8 -

offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible.  I have further discussed the concept of the advisory Sentencing Guidelines with the defendant.  No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.  I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

_Sept 10 2023_

Date

PHILLIP SEPLOW
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement.  I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

_10-3-23_

Date

ANTHONY W. CHURCH
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

1/24/2024

Date

HONORABLE JOHN J. TUCHI
United States District Judge